Richard A. Ramler
Jorden S. Ramler
Ramler Law Office, P.C.
202 West Madison
Belgrade, MT     59714
Telephone (406) 388-0150
Telefax (406) 388-6842
rramler@ramlerlaw.com
jramler@ramlerlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

_____

| | |
|---|---|
| RAYMOND GILLESPIE, | Cause No. _____ |
| Plaintiffs, | |
| vs. | |
| SDS IMPORTS, LLC, and DOES A to K, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

_____

Plaintiff, Raymond Gillespie, by and through his attorneys, and for his civil action against Defendant, SDS Imports, LLC, states and alleges as follows:

## PARTIES

1.      Plaintiff Raymond Gillespie (hereinafter "Plaintiff" or "Gillespie") is a resident of and is domiciled in the District of Montana.

2. Defendant SDS Imports, LLC (hereinafter "SDS") is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business in Knoxville, Tennessee.

3. Defendants Does A to K were and now are business entities duly organized and existing under the laws of the states of the United States, whose names, citizenship, and principal places of business Plaintiff does not know and cannot now ascertain.   These presently unknown Doe entities were engaged in the design, manufacturing, assembling, importing, distributing and selling firearms, including the Pistol involved in this civil action.   Plaintiff therefore, brings this civil action against said Doe Defendants by such fictitious names and will ask leave to amend this Complaint to show their true name(s) and the name of such states and/or countries when ascertained.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is a citizen of the State of Montana, Defendant is a corporate citizen of the State of Tennessee, and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants because Defendants maintain significant contacts with this judicial district by virtue of conducting business within the district through their distribution, sales, marketing and advertising in Montana, including the distribution and sale of the defective Pistol that caused injury and damage to Plaintiff in Montana.

6. Venue is proper within the Great Falls Division because the incident that gives rise to this civil action occurred within Cascade County, Montana.

## COMMON ALLEGATIONS

7. Plaintiff currently resides in Kalispell, Montana, and is a resident of the State of Montana. Plaintiff was a resident of Stockett, Montana, at the time of the incident that gives rise to this civil action.

8. Defendants are engaged in the business of designing, manufacturing, assembling, importing, distributing and selling firearms.

9. Defendants designed, manufactured, imported, marketed, distributed, and sold the SDS Model 1911A1 U.S. Arm, .45 caliber, pistol, bearing Serial Number T0620-20Z01381 (hereinafter "Pistol"), knowing and expecting that said Pistol would be used by consumers and around members of the general public.

10. The Pistol is stamped with "SDS Knoxville TN", which identifies Defendant SDS as the manufacturer of the Pistol.

11. Defendant SDS extended a written warranty on the Pistol that states "we stand behind our products." The SDS warranty further states "We warrant our firearms to be free from defects in performance and workmanship for one year form the original retail purchased date."

12. Defendant SDS's name is in multiple locations on the box and User Manual that came with the Pistol when it was sold to Plaintiff.

13. Defendant SDS is the manufacturer and/or apparent manufacturer of the Pistol.

14. The incident that is the subject of this civil action occurred on May 27, 2020. Plaintiff was loading his vehicle at his residence in Stockett, Montana. Plaintiff was carrying the Pistol in a holster on his left hip. The magazine portion of the Pistol struck the vehicle. Plaintiff took a step and the Pistol discharged without a trigger pull. The bullet struck Plaintiff and he was seriously injured.

15. The Pistol was in a holster when it discharged. The holster completely covered the trigger of the Pistol. The Pistol fired without a trigger pull.

16. Plaintiff purchased the Pistol new at retail from Highwood Creek Outfitters, Great Falls, Montana, less than a year before May 27, 2020.

17. Plaintiff's damages include past and future medical expense, mental and physical pain and suffering, loss of earnings and earnings capacity, disfigurement, loss of established course of life, and other general and special damages to be determined by the jury at trial of this action.

## COUNT ONE

### Strict Liability – Design and Manufacturing Defects

18. Plaintiff hereby incorporates by reference all of the allegations previously made herein.

19. The Pistol was in a defective condition in violation of Section 27-1-719, M.C.A. when the Pistol was sold to Plaintiff and when the incident described herein occurred on May 27, 2020.

20. Defendants are sellers as defined in Section 27-1-719, M.C.A., and are engaged in the business of selling firearms, including the Pistol.

21. At all relevant times hereto, Defendants were engaged in the business of designing, manufacturing, importing, distributing, marketing, and selling firearms, and in this regard, did design, manufacture, import, distribute, market, and sell the Pistol, knowing and expecting that the Pistol would be used by consumers including Plaintiff and members of the general public.

22. The Pistol was sold to Plaintiff without substantial change in the condition in which it was manufactured.

23. The Pistol was not modified, changed, or adjusted at any time after it was manufactured by Defendants and sold to Plaintiff.

24. The internal trigger, fire control, and safety components of the Pistol were improperly designed and manufactured causing and allowing the Pistol to fire without a trigger pull under the circumstances of the incident described above.

25. The internal trigger, fire control, and safety components of the Pistol were improperly designed and manufactured failing to prevent the Pistol from firing without a trigger pull under the circumstances of the incident described above.

26. The Pistol fired without a trigger pull under the circumstances of the incident described above because the internal components of the trigger, fire control, and safety were defectively designed and manufactured.

27. The design and manufacture of the Pistol was defective because it did not prevent the Pistol from firing without a trigger pull under the circumstances of the incident as described above.

28. Defendants are strictly liable to Plaintiff for Plaintiff's general and special damages resulting from the sale of the Pistol in a defective condition unreasonably dangerous.

29. Plaintiff had no knowledge of the defective and dangerous conditions and had no reason to suspect the Pistol was defective or unreasonably dangerous.

30. The defective condition of the Pistol caused Plaintiff's injuries and damages.

31. As a result of the defective and dangerous condition of the Pistol, Plaintiff has and will suffer past and future medical expense, mental and physical pain and suffering, loss of earnings, impaired earning capacity, permanent disability and disfigurement, loss of established course of life, and other general and special damages in an amount to be determined by the jury at trial of this action.

## COUNT TWO

### Strict Liability-Failure to Warn

32. Plaintiff hereby incorporates by reference all of the allegations previously made herein.

33. Defendants knew, or in the exercise of ordinary care should have known, of the Pistol's propensity to unexpectedly fire without a trigger pull, yet Defendants failed to notify or warn Plaintiff of this propensity, either before or after the purchase of the Pistol.

34. Neither Plaintiff nor the general public recognized the risks associated with the Pistol firing without a trigger pull without a warning.

35. Defendant owed a duty to users including Plaintiff to adequately warn of the propensity of the Pistol to fire without a trigger pull at the time of and after the sale of the Pistol.

36. Failure to warn Plaintiff of the risks associated with the Pistol was a breach of Defendants' duties to Plaintiff to provide adequate warnings, both before and after the sale of the defective and unreasonably dangerous Pistol.

37. Defendants' failure to adequately warn caused Plaintiff's injuries and damages.

38. As a result of Defendants failure to warn, Plaintiff has and will suffer past and future medical expense, mental and physical pain and suffering, loss of earnings, impaired earning capacity, permanent disability and disfigurement, loss of established course of life, and other general and special damages in an amount to be determined by the jury at trial of this action.

## COUNT THREE

### Punitive Damages

39. Defendants knew or should have known of the defects alleged in this Complaint and that death and/or catastrophic injuries could occur and have occurred due to selling a Pistol that was defectively designed and

manufactured and due to their failure to adequately warn.  Nonetheless, the defects were not corrected by Defendants, nor did Defendant warn the public including Plaintiff about these defects and the risks they posed.

40. Instead, Defendant deliberately and intentionally concealed such information from Plaintiffs and the public.  Defendants acted with malice in that Defendants had knowledge of facts and intentionally disregarded facts that created a high probability of damage to Plaintiff and deliberately proceeded to act in conscious and intentional disregard of the high probability of injury to Plaintiff, and deliberately proceeded to act with indifference to the high probability of injury to Plaintiff.

41. Defendant further knowing made false representations concerning the design and safety of the Pistol, and concealed material facts concerning the fact that the Pistol could fire without a trigger pull causing injury to Plaintiff.

42. As a result, Plaintiff is entitled to recover punitive damages from Defendants in an amount to be determined by the jury at trial.

WHEREFORE, Plaintiff prays for judgment, jointly and severally, against the Defendants as follows:

1. For general and special damages in an amount to be determined at trial.

2. For punitive damages in an amount to be determined at trail.

3. For costs and expenses.

4. For such and further relief as the Court deems just and proper.

DATED this 6th day of April, 2021.

        Ramler Law Office, P.C.

        By: /s/Richard A. Ramler
        Richard A. Ramler
        Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by and thought his attorney, hereby demands a trial by jury in the above-entitled cause.

        Ramler Law Office, P.C.

        By:/s/Richard A. Ramler
        Richard A. Ramler
        Attorney for Plaintiff